# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

BRETT HOGAN                                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 5:18-CV-P163-TBR

CORRECT CARE SOLUTIONS CORP.                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Brett Hogan filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, Plaintiff will be given an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Penitentiary (KSP). He names as Defendant the Correct Care Solutions Corporation (CCS), the healthcare provider at KSP.

Plaintiff alleges that on or around September 9, 2018, he complained of severe pain in his right wrist with sharp pains coursing up his arm to his elbow and bouts of numbness in his hand. He states that he filled out a sick call form but was not seen until September 22, 2018, when he was seen by a doctor who ordered x-rays. According to the complaint, he was not x-rayed until around October 7, 2018, and the x-ray was normal. Plaintiff alleges that he can feel a bone in his wrist "shift and snap" when he uses his hand but that CCS personnel "refuse to do anything for me. They refuse to give me anything for pain and insists it[']s only carpal tunnel." He further alleges that at times the pain is unbearable "and puts me in tears; I don't sleep. I know there is

more wrong with my wrist then just carpal tunnel but they refuse to look or even touch my wrist."

As relief, Plaintiff requests monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation. *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 WL 4083465, at *2 (W.D. Ky. Aug. 1, 2016). When a § 1983 claim is made against a municipality, or in this case a private corporation providing medical services in an institutional setting, a court must analyze two distinct issues: (1) whether

the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)

(citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege the existence of a CCS policy or custom that was the moving force behind the alleged unconstitutional action. Consequently, Plaintiff has failed to state a claim against Defendant CCS.

However, Plaintiff will be given an opportunity to amend his complaint to add the name(s) of individual(s) he claims denied him medical care for his wrist. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]".).

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claim against Defendant CCS is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may file an amended complaint naming the individual(s) he claims denied him medical care in their individual capacities. Plaintiff is **WARNED** that failure to do so will result in dismissal of this action for the reasons stated herein.

The Clerk of Court is **DIRECTED** to send to Plaintiff a § 1983 complaint form with this case number and "AMENDED" affixed thereto.

Date: June 21, 2019

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4413.009